IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-10865
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESUS HERNANDEZ,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Northern District of Texas
USDC No. 6:98-CR-64-14-C
--------------------
May 22, 2000

Before SMITH, BARKSDALE and PARKER, Circuit Judges.

PER CURIAM:[*]

Jesus Hernandez appeals his convictions and sentences for conspiracy to distribute and possess with intent to distribute 1,000 kilograms or more of marijuana and possession with intent to distribute 172 kilograms of marijuana. Hernandez contends that the evidence was not sufficient to establish his knowledge and participation in the drug conspiracy and that he knowingly possessed marijuana with the intent to distribute. He asserts that there was a variance that affected his substantial rights between the indictment charging him with conspiracy to distribute

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and possess with intent to distribute 1,000 kilograms or more of marijuana and the evidence presented at trial. Hernandez challenges the drug quantity that the district court used to establish his base offense level. Finally, Hernandez contends that the district court did not make sufficient findings to justify an increase in his offense level for obstruction of justice due to perjury.

Because Hernandez did not move in the district court for a judgment of acquittal, our review of the sufficiency of the evidence is limited to the determination of "whether there was a manifest miscarriage of justice." *United States v. Laury*, 49 F.3d 145, 151 (5th Cir. 1995)(citation omitted). A miscarriage of justice exists "only if the record is devoid of evidence pointing to guilt" or "the evidence on a key element of the offense was so tenuous that a conviction would be shocking." *Laury*, 49 F.3d at 151 (internal quotations and citation omitted).

A guilty verdict may be supported solely by uncorroborated testimony of a coconspirator, even if the witness is interested in a plea bargain or promise of leniency, provided that the testimony is not "incredible or insubstantial on its face." *United States v. Bermea*, 30 F.3d 1539, 1552 (5th Cir. 1994). "Testimony is incredible as a matter of law only if it relates to facts that the witness could not possibly have observed or to events which could not have occurred under the laws of nature." *Id.*

The record is not devoid of evidence of Hernandez's guilt on the conspiracy and possession charges. The Government's presentation of Hernandez's coconspirator's testimony was sufficient evidence. *See Bermea*, 30 F.3d at 1552. The jury is the arbiter of a witness's credibility. *See United States v. Cravero*, 530 F.2d 666, 670 (5th Cir. 1976).

Hernandez did not raise the fatal-variance issue in the district court; thus, review is for plain error only. *See United States v. Rodriguez*, 15 F.3d 408, 414 (5th Cir. 1994). We will correct forfeited errors only when the appellant shows the following factors: (1) there is an error, (2) that is clear or obvious, and (3) that affects his substantial rights. *United States v. Calverley*, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc)(citing *United States v. Olano*, 507 U.S. 725, 730-36 (1993)). The decision to correct the forfeited error is within our sound discretion, and we will not exercise that discretion unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Olano*, 507 U.S. at 736.

Hernandez has not shown error, much less plain error, concerning any variance that affected his substantial rights. *See United States v. Morgan*, 117 F.3d 849, 858-59 (5th Cir. 1997)(when indictment alleges single conspiracy, and evidence establishes multiple conspiracies and defendant's involvement in at least one conspiracy, there is no variance affecting that defendant's substantial rights).

Hernandez did not object to the drug quantity established in the presentence report and at sentencing. Our review is thus for plain error only. *See United States v. McCaskey*, 9 F.3d 368, 376 (5th Cir. 1993)(failure to object to PSR or at sentencing means appellate review is for plain error only). "Plain error is error so obvious and substantial that failure to notice it would affect the fairness, integrity, or public reputation of the judicial proceedings and would result in manifest injustice." *Id.* (citation omitted). "Questions of fact capable of resolution by the district court upon proper objection at sentencing can never constitute plain error." *Id.* (citation and internal quotations omitted).

The presentence report is considered reliable evidence for sentencing purposes. *United States v. Vital*, 68 F.3d 114, 120 (5th Cir. 1995). Because Hernandez did not object to the presentence report and did not submit relevant evidence to rebut the information in the presentence report, the district court's adoption of the facts contained in the presentence report, without further inquiry, was not plain error. *See United States v. Puig-Infante*, 19 F.3d 929, 943 (5th Cir. 1994); *United States v. Mir*, 919 F.2d 940, 943 (5th Cir. 1990).

We review the district court's factual finding that a defendant has obstructed justice under U.S.S.G. § 3C1.1 for clear error. *United States v. Storm*, 36 F.3d 1289, 1295 (5th Cir. 1994). Because Hernandez objected to the sentence enhancement for perjury, the district court was required to "review the evidence and make independent findings necessary to establish a

willful impediment to or obstruction of justice, or an attempt to do the same, under the perjury definition." *United States v. Como*, 53 F.3d 87, 89 (5th Cir. 1995) (citing *United States v. Dunnigan*, 507 U.S. 87, 95 (1993)). Separate and clear findings on each element of the alleged perjury are not required. *See Como*, 53 F.3d at 89 (citation omitted).

The district court found that Hernandez testified untruthfully and adopted the presentence report and its guideline analysis. The findings in the presentence report are thus the findings of the district court. *See United States v. Cabral-Castillo*, 35 F.3d 182, 186 (5th Cir. 1994). We have "upheld an implicit finding of materiality when [the district court] determined that the false testimony was obviously material in that it was clearly designed to substantially affect the outcome of the case." *Como*, 53 F.3d at 90 (citations and internal quotations omitted). The false testimony given by Hernandez was material because it related directly to his knowledge and participation in the drug activities that form the basis for his convictions. This testimony would be designed to affect the outcome of the case. The district court's findings were sufficient to justify the obstruction of justice enhancement.

AFFIRMED.